IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| GREGORIO GARZA, JR § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. L – 04 – 137 |
| § | |
| LAREDO INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Dismiss or in the Alternative, Defendant's Motion For a More Definitive Statement [Doc. No. 17]; Defendant's Supplemental Motion to Dismiss for Failure to State a Claim or in the Alternative, Motion for a More Definite Statement [Doc. No. 31]; Plaintiff's Responses to Defendant's Motion to Dismiss, [Doc. Nos. 21 & 36]; Plaintiff's More Definite Statement [Doc. No. 37] and Second Supplement to Defendant's Motion to Dismiss for Failure to State a Claim [Doc No. 41]. For the reasons enumerated below, Defendant's Motion to Dismiss; Defendant's Supplemental Motion to Dismiss and Second Supplement to Defendant's Motion to Dismiss are hereby DENIED. Defendant's Motion for a More Definitive Statement is GRANTED.

I. **FACTS**

In January 2004, Plaintiff filed a discrimination claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Texas Commission on Human Rights Act (hereinafter "TCHR"). Plaintiff requested and was issued a right to sue letter in August 2004. Plaintiff is a schoolteacher and current employee of the Laredo Independent School District (hereinafter "LISD"), the Defendant. Plaintiff appears pro se.[1] Plaintiff filed this lawsuit against LISD on September 22, 2004, asserting, inter alia, that LISD violated Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. § 2000e *et seq.* and its state equivalent, the "TCHR" by: 1) discriminating against Plaintiff and subjecting Plaintiff to different terms and conditions on account of his "Hispanic, Mexican national origin"; 2) fostered an environment that "negatively impacted Plaintiff's work conditions"; and 3) retaliated against Plaintiff once he made a written complaint to the school board.[2]

On March 17, 2005, Defendant filed the current motion and Plaintiff filed his response on March 22, 2005. The Court did not rule on the aforementioned motion because of the parties' mediation with Magistrate Judge Acre Flores. Mediation however did not result in a settlement. The parties thereafter reached an agreement whereby Plaintiff filed a more definite statement [Doc. No. 38]. That definite statement is

---

[1] Because Plaintiff is pro se, the Court will construe his filings liberally and will hold him to a less stringent standard. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), *see also Hogan v Midland County Commissioners Court*, 680 F.2d 1101, 1103 (5th Cir. 1982). Nevertheless, while pro se filings are construed liberally, pro se parties are required to comply with the mandates of the local rules as well as the Federal Rules of Civil Procedures.

[2] Defendant asserts in the pending motion that Plaintiff filed two complaints. The first complaint allegedly consists of a TCHR and EEOC charge of discrimination form; a right to file a civil action form and the Court's civil cover sheet. That complaint is the only complaint on file with the Court. Defendant stated that Plaintiff filed a supplemental complaint in which he alleges individual disparate treatment and a retaliation claim. *See Defendant's Motion to Dismiss* p.1. The Court is unaware of any amendment or supplements to the original complaint. Nevertheless, this point is mooted by the more Definite Statement filed by the Plaintiff [Doc. No. 38], which is currently the live pleading in the case.

currently the live pleading in the case and Defendant's Motions to Dismiss are as to that pleading.

## II. ANALYSIS

### A. Standard for Failure to State a Claim

FED. R. OF CIV P. 8(a)(2) requires that complaints contain a "short and plain statement of the claim" sufficient to provide notice to the defendants of the pending claim. A "bare bones' allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury does not provide adequate notice. *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277(5th Cir. 1990). Nevertheless, "[t]he federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (5th Cir. 1952)*.*

A 12(b) (6) motion attacks the legal sufficiency of plaintiff's claim based on the pleadings.  However the Fifth Circuit has held that a complaint is not subject to dismissal unless "it appears to be a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations." *See Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *see also Norman v. Apache Corp.,* 19 F.3d 1017, 1021(5th Cir. 1994); *Carney v. RTC,* 19 F.3d 950, 954 (5th Cir. 1994). Even then, ordinarily, a court should not dismiss the complaint except after affording plaintiff every opportunity to state a claim upon which relief can be granted. *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955); *See also Black v. First National Bank of*

*Mobile,* 255 F.2d 373, 375 (5th Cir. 1958).  A 12(b)(6) motion to dismiss " 'is viewed with disfavor and is rarely granted.' "  *See Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyard*, 677 F.2d 1045, 1050 (5th Cir. 1982)); *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498(5th Cir. 2000).

In determining whether to dismiss, the court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *See Collins*, 224 F.3d at 498; *see also Beanal v. Freeport- McMoran, Inc*. 197 F.3d 161, 164 (5th Cir. 1999); *Brown v. Nationsbank Corp.*, 188 F.3d 579, 585(5th Cir. 1999). However, the Court does not have to consider all pleaded facts, as "conclusory allegations and unwarranted deductions of fact are not admitted as true." *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Associated Builders, Inc. v. Alabama Power Company,* 505 F.2d 97, 100 (5th Cir.1974).  Furthermore, where a court grants a 12(b)(6) motion, the court should first grant a pro se party every reasonable opportunity to amend. *Pena v. USA*, 157 F.3d 984 (5th Cir. 1998) (citing *Haines v Kerner*, 404 U.S at 520-521)).(reversing a 12(b)(6) dismissal of complaint where it did not appear beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief.); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)(per curiam) (noting that a district court generally errs in dismissing a pro se complaint for failure to state a claim without giving the plaintiff an opportunity to amend).

**B.   Plaintiff's Title VII Claim**

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 41 U.S.C. § 2000e. It is well established in the Fifth Circuit, that Title VII was designed to address ultimate employment decisions, not to address every decision made by employers that arguably might have some tangential effect upon those ultimate decisions". *See Mattern v. Eastman Kodak Co.,* 104 F.3d 702, 707 (5th Cir. 1997) (quoting *Dollis v. Rubin,* 77 F.3d 777, 781-82 (5th Cir. 1995)). "Ultimate employment decisions" include acts "such as hiring, granting leave, discharging, promoting, and compensating." *Dollis,* 77 F. 3d at 782 (citing *Page v. Bolger,* 645 F.2d 227, 233 (4th Cir.), *cert. denied,* 454 U.S. 892, (1981)).

Plaintiff contends that Defendant discriminated against him on the basis of his national origin and seeks $300,000 as compensation for that alleged discrimination. Plaintiff's varied allegations include but are not limited to claims that: he was not provided with a new computer or printer; was assigned an excessive number of students; his programs were not supported; his student surveys were confiscated; he received a warning letter due to deficient attendance rosters; his fundraising efforts were curtailed; hostility towards him was and is rampant; and his potential job moves were impacted.

Defendant on the other hand contends that Plaintiff has not pled facts that state a claim for employment discrimination because Plaintiff has not suffered from an adverse employment action or abusive work environment. Defendant contends that assuming that all of Plaintiff's factual allegations are true, "none of the events either individually or

cumulatively" constitutes adverse employment actions and as such Plaintiff cannot recover under Title VII on any of these facts.

First, the Court notes that pursuant to *Swierkiewicz v. Sorema N. A.* 534 U.S. 506 (2002), an employment discrimination complaint need not contain specific facts establishing a prima facie case under the *McDonnell Douglas,* 411 U.S. 792 (1973) framework. After all, that framework is not applicable in every discrimination claim since discrimination can be proven using direct evidence. *See Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985). The discrimination complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. RULE CIV. PROC. 8(a)(2). "The *McDonnell Douglas* framework - which requires the plaintiff to show (1) membership in a protected group, (2) qualification for the job in question, (3) an adverse employment action, and (4) circumstances supporting an inference of discrimination- is an evidentiary standard, not a pleading requirement. *See e.g.* 411 U.S. at 800.

Second, while Defendant has made cogent arguments in its pleading that lead this Court to believe that most of the factual allegations in Plaintiff's Complaint do not state a claim, the Court cannot definitively say that there are no set of facts in support of Plaintiff's claim. Plaintiff's definitive statement mentions potential job moves to a counselor position and other positions that he was qualified for but which were nevertheless denied him. In the interest of justice, this Court finds that further elucidation and examination of this issue is necessary.

## C. Conclusion

For these reasons, Defendant's Motion to Dismiss; Defendant's Supplemental Motion to Dismiss and Second Supplement to Defendant's Motion to Dismiss are hereby DENIED. Defendant's Motion for a More Definitive Statement is GRANTED.

Plaintiff is hereby ordered to file a more definitive statement within 20 days of this order. Plaintiff's definitive statement must state information indicating the timeframe and dates of the alleged discriminatory act, the names of the actors and positions held, the alleged adverse employment action (i.e. the positions applied for) and give clear and specific description of the events leading to any alleged discriminatory act associated therewith.

IT IS SO ORDERED.

Done this <u>31st</u> day of March, 2006 in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**